IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KELLY A. HOOKS <br> and JESS M. SPRAY, Jr., <br><br> Plaintiffs, <br><br> v. <br><br> US POSTAL SERVICE, *et al.*, <br><br> Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | Civil Action No. 4:24-cv-537-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

*Pro se* Plaintiffs Kelly Hooks and Jess Spray initiated this action by filing a Complaint on June 10, 2024. ECF No. 1. This case was automatically referred to the undersigned pursuant to Special Order 3. ECF No. 2. Because the plaintiffs paid the filing fee (ECF No. 2), they were responsible for serving the defendants with a summons and copy of the complaint in this case within ninety days as provided by Rule 4(c) of the Federal Rules of Civil Procedure. The docket reflects that the plaintiffs have not served the defendants.

On June 12, 2024, the Court instructed Hooks and Spray that they were responsible for serving the defendants "within 90 days after the filing of the complaint." ECF No 4. After failing to meet this deadline, the undersigned *sua sponte* extended the deadline for them to serve the defendants until October 10, 2024. ECF No. 5. On October 11, 2024, the Court once again *sua sponte* extended the deadline to serve the defendants until October 25, 2024. ECF No. 6. The Court reminded the plaintiffs that if they did not serve the defendants with process by the deadline, the undersigned would recommend to United States District Judge Reed O'Connor that he dismiss the case without prejudice under Federal Rule of Civil Procedure 4(m). *Id.* To date,

the record reflect that Hooks and Spray have not served the defendants or otherwise taken any action in this case other than filing their complaint.

Rule 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the court. *Id.* 4(l)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for her failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. *Id.* 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). "A *pro se* plaintiff is entitled to notice before a district court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)). But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for [their] failure to effect service in compliance with the rules." *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).

Federal Rule of Civil Procedure 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to manage its docket. *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)). And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir. 1991) (quoting *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)). A Rule 41(b) dismissal may

be with or without prejudice. *Long v. Simmons*, 77 F.3d 878, 880 (5th Cir. 1996). However, dismissals with prejudice for want of prosecution are considered "an extreme sanction." *Id.* Accordingly, the Court should employ such dismissals only where a litigant's acts or omissions are "the result of purposeful delay or contumaciousness and the record reflects that the district court employed lesser sanctions before dismissing the action [with prejudice]." *Id.*

Despite a clear warning that noncompliance could result in dismissal of their case under Federal Rule of Civil Procedure 4(m), Hooks and Spray have neither complied with the Court's orders to serve process, nor submitted any pleading explaining a delay. It appears that Hooks and Spray no longer wish to pursue their claims in this case. Absent compliance with the Court's orders, this case cannot proceed. Because Plaintiffs' noncompliance does not appear to stem from purposeful delay or contumaciousness, a dismissal without prejudice is warranted. Accordingly, the undersigned **RECOMMENDS** Judge O'Connor **DISMISS** this case **without prejudice** under Fed. R. Civ. P. 41(b) for failure to prosecute or follow court orders.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except

upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

**SIGNED** October 29, 2024.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE